NEW-YORK,
May, 1823.

KNIGHT
v.
CAREY.

In the matter of KNIGHT *against* CAREY and CAREY.

APPLICATION was made to make an agreement, to submit to the award of arbitrators, *a rule of this Court ;* and that an *attachment* issue against *Carey & Carey*, or one of them, for disobedience thereto.   This application was grounded on the bond of submission, with the agreement and award, which were produced, and attached to the usual affidavit proving their due execution.(*a*) *Notice* of the application had been served on *Carey & Carey*, but *no other* papers ; and performance of the award had not been demanded.

It was objected that no rule could be taken against the *Careys*, because they had not been served with a copy of the affidavit and other papers ; without which, a party can never be prepared to impeach an award ;(*b*) and that, at any

*A copy of the affidavit, on which the application is made to make a submission to arbitration a rule of court, need not be served. A rule for an attachment, for not performing the award, will not be granted at the time of making the submission a rule of Court, especially where there has been no demand of performance.*

---

(*a*) Vid. the form of the proper affidavits upon this application, in *Tidd's Appendix,* adapted to this Court by Mr. *Caines,* 194 ; and for the particular requisites of this affidavit, and the manner of procuring it, vid. *Tidd's Pr.* 760 ; *Caldwell on Arbit. Am. ed.* 159 ; and *Kyd on Awards, Phil. ed* 23, 24.

(*b*) The application to make the agreement a rule of Court, is granted *of course,* on the production and proving the execution of the bond by which the consent of the party appears. (*Kyd on Awards, Phil. ed.* 1803, *p.* 25. *Rudd* v. *Coe, Barnes,* 55.) If the application be made after the *award,* it seems *that* ought to be produced. (*Vin. Ab. ti. Arbit. H. a.* 12. *Caldwell on Arbit.* 159, *note* m. *Am. ed.*) The matter to avoid the award comes, properly, on shewing cause against the rule *nisi* for an attachment, for not performing it, if such matter appear on the face of the award ; and this may be shewn against the attachment, even though the time limited by the 2d section of the statute has expired. (*Pedley* v. *Goddard,* 7 *T. R.* 63. *Hutchins* v. *Hutchins, Andr.* 297.)

But it is otherwise of matter *dehors* the award, which is mentioned in that section, viz. corruption, or undue means or practice in obtaining it, and the like, which must be shown, on motion to set aside the award. (7 *T. R.* 69. *Andr.* 297. *Holland* v. *Brooks,* 6 *T. R.* 161.) This motion must be made, as required by the statute, before the last day of the *next term* after the award published. (6 *T. R.* 161.   7 *T. R.* 69.   *Andr.* 297.   *Lowndes* v. *Lowndes,* 1 *East.* 276.) So of a motion to refer the award back for re-

NEW-YORK,    rate, the statute, *(Sess. 12, ch. 20, 1 R. L. 125,)* which
May, 1823.   authorizes making the agreement a rule of Court, does not
KNIGHT       contemplate making the submission, &c. a rule of Court,
v.           and granting a rule for an *attachment* at the same time.*(c)*
CAREY.

  *The Court* disregarded the first objection, and ordered
the agreement to be made a rule of Court ;*(d)* but they
refused the rule for an attachment.*(e)* They remarked
that here had been no default ; performance of the award
never having been demanded.

            Rule accordingly.

consideration, on materials which it was impossible for the party to furnish
at the time of the hearing. (*Zachary* v. *Shepherd*, 2 *T. R.* 781.) And, in-
deed, wherever the objection comes by way of application to *set aside* the
award, though it appear on the face of the award, it must be made within
the period allowed by the statute ; (*Lowndes* v. *Lowndes*, 1 *East*, 276. *Du-
bois* v. *Medlicott, Barnes*, 55,) though otherwise, of this particular objection,
where it is shewn for cause against the attachment. (*Idem*, and vid. *Tidd.*
762 to 765.)

  These applications to set aside awards, seem to be of very frequent oc-
currence in the Court of K. B. in England. The course of proceeding
there, is first, to obtain a rule to show cause ; and the K. B. lately made a
*general rule*, requiring that the *rule to show cause* shall contain the several
objections to the award, intended to be insisted on at the time of making
the rule *absolute*. (4 *Barn.* & *Alders.* 538.)

  (*c*) Before any application is made for an attachment, the agreement
must be made a rule of Court. (*Caldwell on Arbitrations*, 159, *Am. ed.*
*Tidd*, 759, 60.) In a late case, in the English Common Pleas, where a mo-
tion was made for an attachment before a *nisi prius* order of reference was
made a rule of Court, the motion was refused ; and the reason there given,
viz. *that there was no rule of Court, when the supposed offence was commit-
ted*, seems to apply equally to a proceeding upon the statute.

  (*d*) Vid. the form of this rule, *Caldwell on Arbitr.* 477, *Am. ed.* But the
rule there is *entitled*, which appears to me wrong. *Quere*, and vid. *Be-
van* v. *Bevan*, 3 *T. R.* 601.

  (*e*) After making the agreement a rule of Court, in order to obtain an
attachment, the party must be *served* with the rule. He is also entitled to a
notice of the *award*, and a demand of *performance*. The authorities on
this subject, and the manner of proceeding herein, and the practical
forms in use to ground an attachment, will be found in *Tidds' Prac.* 760,
61, and *Tidd's Appendix, adapted to this Court by Mr. Caines*, 194, 5. (Vid.
also *Standley* v. *Hemmington*, 6 *Taunt.* 561, and *Forest's Exch. Rep.* 82, 83.)
The rule for an attachment is never *absolute* in the first instance. (*Chanler*
v. *Driver*, 12 *Mod.* 317. *Chaunt* v. *Smart*, 1 *Bos.* & *Pull.* 477 ; and vid.
*Gifford* v. *Gifford, Forest's Exch. Rep.* 80.)